PEEK v FLINT CIVIL SERVICE COMMISSION

1. JUDGMENT—ACCELERATED JUDGMENT—COURT RULES.

A motion for accelerated judgment on the ground that another action was pending between the same parties involving the same claim was properly denied where the parties to the two actions were not the same (GCR 1963, 116.1[4]).

2. STATUTES—PUBLIC SERVICE EMPLOYMENT ACT—PREEMPTION—JURISDICTION.

A Federal statute, the Public Service Employment Act of 1971, is silent as to jurisdiction and the entire area was not preempted for exclusive Federal jurisdiction (42 USCA 4871 *et seq.*).

3. COURTS—JURISDICTION—ACTIONS IN PERSONAM.

Both state and Federal courts may have jurisdiction where an action is in personam at least until judgment is obtained in one court which can be set up as res judicata in the other.

4. COURTS—JURISDICTION—CONCURRENT JURISDICTION—JUDGMENT—ACCELERATED JUDGMENT—COURT RULES.

A circuit court had concurrent jurisdiction to hear an action involving the assertion of a plaintiff's hiring rights against city officials who had voided a civil service eligibility list despite the fact that different parties had already brought suit in Federal court contesting the city's hiring practices in general where no judgment had been rendered in Federal court, and this absence of a prior judgment precludes the granting of an accelerated judgment to those different parties as intervening defendants in circuit court on grounds of lack of jurisdiction or that the claim was barred (GCR 1963, 116.1[1], [2], [5]).

5. EVIDENCE—SUFFICIENCY OF EVIDENCE—TESTIMONY—EXCLUSION.

Refusal of a trial judge to take testimony on an alleged violation

REFERENCES FOR POINTS IN HEADNOTES

[1] 47 Am Jur 2d, Judgments §§ 915–978.
[2] 16 Am Jur 2d, Constitutional Law §§ 198–209.
[3] 20 Am Jur 2d, Courts §§ 128, 135.
[4] 20 Am Jur 2d, Courts §§ 13, 14, 106, 135.
[5] 30 Am Jur 2d, Evidence §§ 1080–1090.

by a municipal civil service commission of city charter provisions was not error where the trial judge had before him both the city charter provisions in question and an admission by counsel for the city that the provisions had been violated, because this evidence, without more testimony, was sufficient to uphold the trial judge's ruling that a civil service eligibility list should be reinstated.

Appeal from Genesee, Thomas C. Yeotis, J. Submitted Division 2 January 3, 1974, at Lansing. (Docket No. 16568.) Decided April 30, 1974.

Complaint by Thomas L. Peek against the Flint Civil Service Commission and others to compel reinstatement of an eligibility list. Larry D. Holliman and others intervened as defendants and moved for accelerated judgment. Motion for accelerated judgment denied and judgment entered for plaintiff. Intervening defendants appeal. Affirmed.

*Barkey & Barkey, P. C.,* for defendants.

Legal Services of Eastern Michigan (by *John Corey Qua),* for intervening defendants.

Before: LESINSKI, C. J., and HOLBROOK and BASHARA, JJ.

LESINSKI, C. J. Plaintiff brought suit in circuit court challenging the method used by the city of Flint in hiring its policemen. The suit was begun after different plaintiffs had already brought a suit in federal court. The federal court action initially contested only the city's procedure for filling certain federally funded police positions but later amendments contested the city's police hiring practices in general. These federal court plaintiffs were allowed to intervene as defendants in the circuit court action where they made a motion for accelerated judgment based on their pending fed-

eral court action. The circuit court denied the motion and granted plaintiff Peek relief. This appeal followed and we affirm.

The foundation of the motion for accelerated judgment was GCR 1963, 116.1. Especially pertinent are subparts 1, 2, 4, and 5 which state:

"1. Grounds. In a party's first responsive pleading, or by motion filed not later than his first responsive pleading, a party may demand that service of process be quashed or that judgment be entered dismissing 1 or more claims asserted against him upon any of the following grounds:

"(1) the court lacks jurisdiction of the person or property,

"(2) the court lacks jurisdiction of the subject matter,

\* \* \*

"(4) another action is pending between the same parties involving the same claim,

"(5) the claim is barred because of release, payment, prior judgment, statute of limitations, statute of frauds, infancy, or other disability of the moving party, or assignment or other disposition of the claim before commencement of the action."

Since both the circuit court suit and the federal court action challenged the hiring practices of the city of Flint, the intervening defendants first argue that GCR 1963, 116.1(4), should control. The rule, however, does not apply, and the reason is most easily seen by reviewing the differences between the parties to the two suits. Plaintiff Peek's suit in circuit court was triggered by the voiding of the civil service eligibility list. Peek himself had a high position on that list and a principal motivation of his suit was to have that list reinstated by the enforcement of city charter provisions which had allegedly been violated when the list was voided.

The intervening defendants, who were plaintiffs in the federal suit, wanted the same eligibility list to remain voided. The basic thrust of their suit in federal court was to enforce the provisions of the federal act under which the city had sought special employment funds. The plaintiffs in the federal suit were all members of the class given preference under the federal act. Mr. Peek did not qualify for this classification and he was not a party to their suit.

Therefore, we hold that, since the parties to the two actions were not the same, the circuit court did not err in denying a motion for accelerated judgment under GCR 1963, 116.1(4).

Regarding the court's jurisdiction under GCR 1963, 116.1 (1 and 2), two points should be noted. First, the public service employment act of 1971, 42 USCA 4871, *et seq.,* was tightly enmeshed in the prior federal suit. This act, however, is silent as to jurisdiction and the entire area was not preempted for exclusive federal jurisdiction.

Secondly, the mere fact that a case is pending before a federal court does not mean that the instant case is automatically beyond the jurisdiction of the circuit court. The circuit court case involved the assertion of plaintiff's hiring rights against city officials who had voided the eligibility list. This assertion of personal rights, supported by the city charter provisions, was an in personam action against the named individuals. The circuit court's taking of jurisdiction is, therefore, supported by the general rule that where an action is in personam, both state and federal courts may have jurisdiction at least until judgment is obtained in one court which can be set up as res judicata in the other. See *Hart v United States,* 207 F2d 813 (CA 8, 1953), and cases cited therein.

Since no such judgment had been rendered in the federal court, the circuit court had concurrent jurisdiction. This absence of a prior judgment precludes not only the arguments of the intervening defendants under GCR 1963, 116.1(1 & 2), but also, on these facts, answers their arguments under GCR 1963, 116.1(5).

The second issue on appeal is that the trial judge erred in not taking testimony before ruling that the eligibility list should be reinstated.

The record of the trial court proceedings reveals that the trial judge had before him at oral argument both the city charter provisions in question and an admission by counsel for the city that the provisions had been violated. This evidence, without more testimony, is sufficient to uphold the ruling of the trial judge. We therefore find no error in the ruling of the trial judge refusing to take testimony on the alleged violation.

Finally, we note that the circuit judge explicitly made no findings or rulings about the other issues that were before the federal court. In affirming his actions on the above issues, we also decline to decide the other questions which are not before us. We therefore make no holding either as to the handling of the federal funds or as to alleged constitutional infirmities in the eligibility list and in the hiring practices of the city of Flint.

Affirmed. Costs to appellees.

All concurred.