ROSS v ONYX OIL & GAS CORPORATION

Docket No. 64432. Submitted April 11, 1983, at Detroit.—Decided
  September 13, 1983.

  Onyx Oil & Gas Corporation brought an action in Genesee
    County in 1978 to establish its rights under certain oil and gas
    leases. In that action Onyx was adjudged to be the lawful lessee
    and the leases were found to be valid. Shortly after judgment
    was entered in that action, Richard I. and Gail E. Ross and
    several other lessors brought an action in Genesee Circuit
    Court seeking a determination that the final judgment in the
    Onyx case was null and void as to the plaintiffs. The Rosses
    had not been named as parties in the Onyx case and their
    leases had not been entered into with Onyx but, rather, with
    two lessees from which Onyx had obtained the leases by assign-
    ments. The Rosses then brought an action in Lapeer Circuit
    Court, alleging that the leases had expired by their own terms
    and seeking damages for slander or disparagement of title and
    an injunction preventing Onyx Oil and its officer, Richard L.
    Wolk, from entering and producing oil on the Rosses' property.
    The Lapeer Circuit Court, Martin E. Clements, J., dismissed the
    plaintiffs' action, finding that jurisdiction over their claim was
    properly in Genesee County, where the Rosses' previous action
    was still pending. Plaintiffs appealed. Held:

    1. Accelerated judgment based on the pendency of the Gene-
    see County suit was error. In order for a prior action to abate a
    subsequent action the two actions must be based on the same
    or substantially same cause of action. In this case, the Genesee
    action seeks a determination of whether the plaintiffs can be
    bound by the prior Onyx judgment, whereas the present action
    claims that the leases have become inoperative by their own

REFERENCES FOR POINTS IN HEADNOTES
[1] 1 Am Jur 2d, Abatement, Survival, and Revival §§ 13, 26, 27.
[2] 1 Am Jur 2d, Abatement, Survival, and Revival §§ 20-22.
[3] 1 Am Jur 2d, Actions §§ 101, 156.
[4] 1 Am Jur 2d, Actions §§ 107, 108
[5] 1 Am Jur 2d, Actions § 94.
  Propriety of staying action or proceeding pending another action or
    proceeding. 81 L Ed 2d 161.

terms. Furthermore, there is a disparity between the parties to the two actions.

2. Defendants' argument that dismissal was proper because of plaintiffs' failure to comply with the compulsory joinder rule is without merit. Failure to object in the trial court to nonjoinder waives the operation of the rule.

3. The two cases did not arise out of the "same transaction or occurrence" for purposes of the court rule requiring actions arising from the same transaction or occurrence to be tried before the same judge.

4. Under the facts of this case, the action in Lapeer Circuit Court should be held in abeyance until resolution of the Genesee action by final order.

This Court retains no further jurisdiction.

1. ABATEMENT AND REVIVAL — MULTIPLE ACTIONS — SAME CAUSE OF ACTION.

Two lawsuits must be based on the same or substantially the same cause of action in order for the prior suit to abate a subsequent suit, and, generally, the same relief must be sought; an action may be dismissed where "another action is pending between the same parties involving the same claim" (GCR 1963, 116.1[4]).

2. ABATEMENT AND REVIVAL — IDENTITY OF PARTIES — MULTIPLE ACTIONS.

Complete identity of the parties to two actions is not necessary to justify abatement of the second of the two actions; however, abatement may not be justified where there is a notable disparity between the parties.

3. ACTIONS — JOINDER OF CLAIMS — WAIVER OF JOINDER.

The requirements of the rule mandating joinder of all of a plaintiff's claims against a defendant in one action are waived if the defendant fails to object to nonjoinder (GCR 1963, 203.1).

4. ACTIONS — MULTIPLE ACTIONS — SAME TRANSACTION OR OCCURRENCE.

A court rule requires that two or more actions arising out of the same transaction or occurrence are to be assigned to the same judge; for the purpose of this rule, actions arise from the "same transaction or occurrence" only if each arises from the identical events leading to the other or others (GCR 1963, 926.4).

5. ACTIONS — MULTIPLE ACTIONS — STAY OF ACTION.

Where the rights of parties to a second action cannot be properly

determined until the questions raised in a prior action are settled the second action should be stayed.

*O'Sullivan, Beauchamp, Kelly & Whipple* (by *Norman D. Sullivan)*, for plaintiffs.

*Barris, Sott, Denn & Driker* (by *Stephen E. Glazek* and *Elaine Fieldman)*, and *Richard L. Wolk*, of counsel, for defendants.

Before: T. M. Burns, P.J., and R. M. Maher and Cynar, JJ.

Cynar, J. Plaintiffs appeal as of right from a May 3, 1982, order granting defendants' motion for accelerated judgment and dissolving a temporary restraining order.

Plaintiffs are owners, as tenants by entireties, of certain lands in Marathon Township, Lapeer County, Michigan. On July 2, 1968, plaintiff Richard Ross and his mother Marian Ross, who is now deceased but at that time held a life estate in the property, entered into an oil and gas lease agreement with John F. DuLong, doing business as D & G Oil Company. On September 7, 1978, Richard Ross entered into a second such lease with the Crystal Exploration Company involving the same property.

Defendant Wolk is an attorney and officer of defendant Onyx Oil & Gas Corporation. It has been alleged that defendants acquired all or part of D & G's rights arising from the 1968 lease. In 1978 Onyx Oil filed an action in Genesee Circuit Court, file no. 78-47174-CH (hereinafter Onyx case), against several defendants including Crystal Exploration Company and the estate of John F. DuLong. In this action Onyx Oil attempted to establish its rights under certain "old leases",

located in both Genesee and Lapeer Counties, as against Crystal's competing claims under "new leases". The respective claims were settled in 1980; Onyx received an assignment of most of Crystal's new leases, including the 1978 lease executed by the instant plaintiffs.

On January 12, 1981, a final judgment was issued in the Onyx case. This judgment recited the assignment of the 1978 Ross lease from Crystal to Onyx and an assignment of the 1968 Ross lease to Onyx from the estate of John F. DuLong. The judgment contained the following language:

> "It is hereby ordered and adjudged that except as further provided herein plaintiff, Onyx Oil & Gas Corporation, and/or its entities, is the true and lawful lessee and owner of the entire working interest under the "old and new leases" described herein, including extensions, renewals, amendments and ratifications thereof and subject only to overriding royalty interests preserved herein; *and the validity of said leases is hereby affirmed as being perfect against all other parties to this suit, or any lessor,* or any other persons claiming any interest in the oil and gas properties described herein." (Emphasis added.)

It was further recited that Onyx "shall have the exclusive right to elect, in each instance, which of the two leases (new or old) is operative".

On December 14, 1981, defendant Onyx filed notice with the Lapeer County register of deeds that both leases remained in full force with defendant as successor to the lessee's interest. On February 17, 1981, attorney David Nelson, on behalf of certain mineral-rights lessors including plaintiffs, filed a spurious praecipe for motion in the Onyx case, seeking to set aside the judgment as it purported to apply to the lessors. The praecipe was

promptly dismissed on the grounds that the "petitioners" lacked standing in the Onyx case.

On February 23, 1981, the Rosses and several other lessors initiated a declaratory judgment action in Genesee Circuit Court (hereinafter the Genesee case) against defendant Onyx Oil and other parties to the Onyx case. The complaint alleged that the plaintiffs had not entered into any lease agreements with Onyx Oil and had not been named as parties or served with process in the Onyx suit. The equitable prayer sought a determination that the final judgment in the Onyx suit was "null and void as to plaintiffs and any other persons not parties in the prior action", and would be "set aside and held for naught".

On January 5, 1982, plaintiffs filed the instant complaint in Lapeer County Circuit Court. In Count I plaintiffs sought a release and discharge of defendants' interest as lessees in the 1968 and 1978 oil and gas leases, alleging that both leases had terminated by their own terms. Count II sought damages for slander or disparagement of title and cloud on title. In Count III it was alleged that defendants' continued oil operation on plaintiffs' property constituted an intentional trespass to land. On the same day plaintiffs filed a motion for a preliminary injunction and temporary restraining order to prevent defendants from entering the Lapeer property and from engaging in activities related to the production of oil on that property. The temporary restraining order was granted on January 6, 1982.

Defendants answered plaintiffs' motion for injunctive relief, asserting that the court was without jurisdiction to issue the relief on the grounds that a final judgment had been entered on January 12, 1981, in Genesee County Circuit Court case

no. 78-47174-CH that established the validity of defendants' interests in the oil and gas leases, and that plaintiffs had previously filed Genesee County Circuit Court case no. 81-60930-CH to obtain relief from the January 12, 1981, order. At the show-cause hearing Judge Clements ordered plaintiffs to take action to determine whether the Genesee County Circuit Court judgment applied to them. The temporary restraining order was continued until February 16, 1982. On January 28, 1982, plaintiffs filed a notice in Lapeer County Circuit Court, indicating that a motion for summary or accelerated judgment and an alternate motion to void or set aside the final judgment in the Onyx case as to plaintiffs had been filed in Genesee County. In an affidavit accompanying the motion in the Genesee case plaintiff Gail Ross stated that plaintiffs were not served with any pleadings in the Onyx case and were never present during any court proceedings.

On February 1, 1982, defendants moved for accelerated judgment pursuant to GCR 1963, 116.1, subds (1), (2), (4), and (5), again asserting the existence of the final judgment in the Onyx case and the pendency of the Genesee declaratory judgment action. The Lapeer court entered an order continuing the temporary restraining order until April 19, 1982, and requiring counsel to diligently pursue a determination with respect to whether the Onyx case judgment applied to plaintiffs. Defendants thereupon renewed their accelerated judgment motion.

On March 15, 1982, defendants filed a counterclaim in the Genesee case alleging, *inter alia,* abuse of process, breach of lease, and conversion and destruction of personalty on the part of the various Genesee plaintiffs. Defendants moved to

dissolve the Lapeer temporary restraining order on April 16, 1982, reciting that on April 7, 1982, the Genesee court had orally denied plaintiffs' motion to set aside the final judgment in the Onyx case. The Lapeer court subsequently granted defendants' motion, ruling from the bench that jurisdiction over plaintiffs' Lapeer claims was properly vested in Genesee County. On May 3, 1982, the Lapeer court issued an order dissolving the preliminary injunction and dismissing plaintiffs' lawsuit.

Although the precise grounds for disposition by accelerated judgment were not set forth by the Lapeer court, it is apparent that such judgment was granted pursuant to GCR 1963, 116.1(4). This subrule allows dismissal of claims where "another action is pending between the same parties involving the same claim". The court rule is a codification of the former plea of abatement by prior action. See *Rene J DeLorme, Inc v Union Square Agency, Inc,* 362 Mich 192; 106 NW2d 754 (1961); *Chapple v National Hardwood Co,* 234 Mich 296, 297; 207 NW 888 (1926). Abatement protects parties from the harassment of new suits filed by the same plaintiffs involving the same questions as those in pending litigation. *Chapple, supra,* p 298.

For reasons expressed below we do not believe that an accelerated judgment should have entered based upon the pendency of the Genesee suit. In order for a prior action to abate a subsequent action, the two suits must be based on the same or substantially same cause of action, 1 Am Jur 2d, Abatement, Survival & Revival, § 26, p 64, and as a rule the same relief must be sought, 1 Michigan Law & Practice, Abatement & Revival, § 6, p 10. Defendants argue on appeal that "[n]o matter how the Rosses attempt to restate, redesign or reformulate their position, the fact remains that the pend-

ing Genesee action and the subsequently filed
Lapeer action are simultaneous efforts by the
Rosses (who are plaintiffs in both cases) to litigate
the same claim—that the judgment and the leases
are invalid". This argument reveals its own flaw,
begging the question of whether the validity of the
judgment and the validity of the leases constitute
a single issue.

We find that the challenge to the validity of the
judgment in the Onyx case pending in Genesee
County and the challenge to the validity of the
leases constitute separate and distinct causes of
action, each involving legal and factual issues not
common to the other. The principal issue in the
Genesee suit is whether the Rosses could be bound
by an adjudication that defendants' interest in the
two leases was valid as against them, where the
Rosses had never been made parties to the suit
whereby that judgment was obtained. This will
require, *inter alia,* an examination of the legal
character of the Onyx suit and the statute under
which it was brought.

The main concern in this case is, however,
whether the leases have become inoperative and
void by their own terms. This will necessitate
examination of the terms of the leases and the
operative facts supporting plaintiffs' claim of for-
feiture—questions not directly at issue in the Gen-
esee action.

Alternatively, we do not find such an identity of
the parties to the two actions as is necessary to
justify an abatement. See *Peek v Flint Civil Ser-
vice Comm,* 53 Mich App 86; 218 NW2d 417 (1974).
Complete identity of the parties is not necessary. 1
Michigan Law & Practice, Abatement & Revival,
§ 7, p 12. Here, however, there is a notable dispar-
ity between the parties defendant in the two law-

suits. The named defendants in the Genesee action were essentially the parties to the Onyx suit. Although Richard Wolk is a named defendant in the Lapeer action, he was not a defendant in the Genesee suit. Because Wolk was not a party in the Onyx suit, it was unnecessary for the Genesee plaintiffs to join him in their declaratory action.

Additionally, Crystal Exploration Company and the estate of John DuLong, parties to the Onyx suit, were named defendants in the Genesee suit but not in Lapeer. Indeed, there was no reason for their joinder as parties in Lapeer, as they had no part in the conduct alleged in that action. We conclude that accelerated judgment for defendants was not properly granted under GCR 1963, 116.1(4).

Defendants also contend that dismissal of plaintiffs' action was warranted for failure of plaintiffs, in Genesee Circuit Court, to comply with Michigan's compulsory joinder of claims rule, GCR 1963, 203.1. Defendants did not raise this issue below, nor could they have done so. The second sentence of this court rule indicates that the joinder rules are waived by failure to object to nonjoinder. Had defendants wanted additional claims joined in the Genesee case, they should have raised the issue there by motion or objection. See *Rogers v Colonial Federal Savings & Loan Ass'n,* 405 Mich 607; 275 NW2d 499 (1979).

Defendants next assert that the Lapeer action was improper because of GCR 1963, 926.4 (formerly GCR 1963, 925.5[2]) which provides:

"Action Arising Out of the Same Transaction or Occurrence. Subject to subrule 925.5,

"(a) if one of two or more actions growing out of the same transaction or occurrence has been assigned to a

judge, the other action or actions must be assigned to the same judge."

The phrase "same transaction or occurrence" as used in this rule has been defined by a panel of this Court:

"The mere fact that similar legal issues were involved in all of the cases does not mean that all of the actions arose out of the same transaction. We find no cases construing what 'same transaction or occurrence' means as used in GCR 1963, 926.4(a). We conclude, however, that actions arise from the same transaction or occurrence only if each arises from the identical events leading to the other or others. For instance, several actions separately brought by various passengers of a train which derailed would arise out of one occurrence or transaction." *Armco Steel Corp v Dep't of Treasury,* 111 Mich App 426, 437; 315 NW2d 158 (1981), *lv gtd* 417 Mich 886 (1983).

The event leading to the Genesee suit was the obtaining by defendant Onyx of a judgment purporting to bind plaintiffs and others to an adjudication in which they had not participated. The Lapeer action, in contrast, concerned events which occurred both before and after the Onyx case judgment was obtained. We therefore hold that the two cases did not arise out of the same transaction or occurrence for the purposes of GCR 1963, 926.4.

Despite defendants' complaint of "forum shopping", we find that plaintiffs have selected appropriate forums for both suits. The challenge to the Onyx case judgment was properly brought in Genesee County where that judgment had been issued. The allegations in this suit are appropriately reviewed in Lapeer County, where the plaintiffs and the land in question are located. Under the facts of this case, however, we hold that the Lapeer suit

should be held in abeyance until resolution of the Genesee suit by final order. In *Bank of the Commonwealth v Hulette,* 82 Mich App 442, 445; 266 NW2d 841 (1978), a panel of this Court approved a rule set forth in 1 Am Jur 2d, Actions, §§ 92-94, pp 621-622, which provides in relevant part:

" 'Where the rights of parties to the second action cannot be properly determined until the questions raised in the first action are settled the second action should be stayed.' "

In this case a finding by the Genesee court that the Onyx judgment was binding upon plaintiffs could be a legal defense to all of the claims advanced by plaintiffs in Lapeer. We further note that during the course of an April 19, 1982, hearing in the case at bar, plaintiffs made an oral motion that the court hold this action in abeyance pending resolution of the Genesee action. This motion should have been granted.

We remand this case to the trial court for entry of an order holding the case in abeyance pending a final judgment in the Genesee case.

This Court retains no further jurisdiction.