786 F.2d 1164
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ABDUL HAKIM, Plaintiff-Appellant,
v.
WOLVERINE PACKING CO.; UNITED FOOD AND COMMERCIAL WORKERS
LOCAL 26, Defendants-Appellees.
 84-1720
 United States Court of Appeals, Sixth Circuit.
 2/12/86
 
 1
 E.D.Mich.
 
 AFFIRMED
 ORDER
 
 2
 BEFORE: KEITH and MARTIN, Circuit Judges and SPIEGEL, District Judge*.
 
 
 3
 The plaintiff appeals the summary judgment holding his pro se Title VII action barred by the doctrine of res judicata. The appeal was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 The plaintiff was discharged from his employment with the defendant Company in November, 1978. His union (the second defendant herein) decided not to take the plaintiff's resulting grievance to arbitration. The plaintiff filed charges with the Equal Employment Opportunity Commission (EEOC) and the Michigan Department of Civil Rights (MDCR) asserting discrimination because of his national origin (Pakistani) and in retaliation for past charges of discrimination. The MDCR investigated the charges, found no evidence of discrimination, and issued an order in October, 1982, refusing to file formal charges on the plaintiff's behalf. Pursuant to Michigan law, the plaintiff sought review of that decision in the Circuit Court for Wayne County.
 
 
 5
 Meanwhile, the plaintiff also filed, in late 1981, an action asserting wrongful discharge by the Company and unfair representation on the part of his union. This 'hybrid' Sec. 301/unfair representation action was removed to federal court which granted summary judgment to the defendants on grounds the action was untimely filed under the applicable statute of limitations. This Court affirmed that decision in an unpublished order. See Hakim v. Wolverine Packing Co., No. 82-1924 (6th Cir. Unpublished Order of May 2, 1985), cert. denied, 54 U.S.L.W. 3345 (November 18, 1985).
 
 
 6
 Following the decision of the MDCR, the plaintiff also continued to pursue his employment discrimination charges before the EEOC. That agency examined the MDCR decision and found no 'reasonable cause' to believe the plaintiff's charges were true. It therefore issued 'right-to-sue' letters on August 16, 1983. The plaintiff then filed the present Title VII action, raising the same claims presented to the EEOC and MDCR.
 
 
 7
 The defendants moved for summary judgment on two separate grounds of res judicata. They first noted the Circuit Court of Wayne County had issued an order on February 10, 1984, finding the MDCR's decision not 'clearly erroneous' and dismissing the plaintiff's appeal. They therefore argued the present action was barred by the doctrine of res judicata as applied by the Supreme Court in Kremer v. Chemical Construction Corp., 456 U.S. 461 (1982). They also argued that, under this Court's decision in Cemer v. Marathon Oil Co., 583 F.2d 830 (6th Cir. 1978), the plaintiff's action was barred because it sought the same recovery (albeit on a different theory) as the already adjudicated hybrid Sec. 301/unfair representation action. The district court agreed that both bars existed in this case and entered summary judgment for the defendants. This timely appeal followed.
 
 
 8
 We conclude that the district court did not err in entering summary judgment for the defendants on the ground this action is barred by the prior adjudication of the plaintiff's claims in the Michigan state courts. Under the decision in Kremer, supra, a review by a state court of a state agency's decision not to file formal charges relative to a claim of employment discrimination bars the later litigation of a Title VII action in federal court if the law of the state in question would give res judicata effect to the state court decision. See also Migra v. Warren City School District Board of Education, 465 U.S. 75 (1984).
 
 
 9
 In this case, the plaintiff appealed the MDCR decision to the Circuit Court for Wayne County which reviewed that decision and dismissed the appeal in an order issued in February, 1984. We take judicial notice of the fact that the Michigan Court of Appeals held, in an order entered on April 25, 1985, that the Circuit Court had used an improper standard of review and remanded the case to that court for a hearing de novo on the plaintiff's claims of discrimination. The Michigan Court of Appeals meanwhile retained jurisdiction over the appeal. We take further judicial notice that the Circuit Court held a bench trial in that case and issued another order on October 9, 1985, again dismissing the plaintiff's appeals therein. The Michigan Court of Appeals now has appellate jurisdiction to review those proceedings.
 
 
 10
 Michigan law will give res judicata effect to a prior judgment if (1) that judgment was decided on the merits, (2) the issues raised in a second either were resolved in the first action or could have been raised and resolved through reasonable diligence, and (3) both actions involve the same parties or their privies. Fellowship of Christ Church v. Thorburn, 758 F.2d 1140, 1144-45 (6th Cir. 1985). The effect of the first judgment is not diluted by the fact it has been appealed. See City of Troy v. Hershberger, 27 Mich. App. 123, 183 N.W. 2d 430 (1970), appeal dismissed, 404 U.S. 804 (1971). Neither is it of importance that two separate courts exercised concurrent jurisdiction over a claim until the first judgment was entered. See Carter v. SEMTA, 135 Mich. App. 261, 351 N.W.2d 920 (1984); Peek v. Flint Civil Service Commission, 53 Mich. App. 86, 218 N.W.2d 417 (1974).
 
 
 11
 Using these guidelines, we conclude the adjudication of the plaintiff's claims in the Circuit Court for Wayne County would be given res judicata effect under Michigan law and therefore bars the present action under the rationale of Kremer. Given this conclusion, it is not necessary to address the second ground relied upon by the district court.
 
 
 12
 It is ORDERED that the district court's judgment of April 11, 1984 dismissing this action on grounds of res judicata be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable S. Arthur Spiegel, U.S. District Judge for the Southern District of Ohio, sitting by designation