TOWNSHIP OIL COMPANY v STATE BANK OF FRASER

Docket No. 89969. Submitted November 19, 1986, at Detroit. Decided September 9, 1987. Leave to appeal applied for.

Township Oil Company, a gasoline wholesaler, maintained a checking ccount with State Bank of Fraser. Township accepted checks from one of its customers, Esser Enterprises, and deposited the checks with State Bank. Township then delivered gasoline to Esser on a daily basis until, after approximately two weeks, State Bank notified Township that the checks had been returned because of insufficient funds. Township sued Bank of Commerce, Essers' bank, in Macomb Circuit Court on December 14, 1976. In May, 1979, the case was removed to the district court because mediation determined that the value of the suit was less than $10,000. In January, 1980, Township added State Bank as a codefendant and contended that, by such action, it had increased the damages recoverable in the suit to an amount in excess of $10,000. State Bank successfully moved in district court for accelerated judgment on the basis that the applicable period of limitation had expired. The Macomb Circuit Court affirmed the accelerated judgment. The Court of Appeals, on leave granted, ultimately reversed the district court's decision to the extent that Township alleged a breach of express contract. The Supreme Court denied leave to appeal, 418 Mich 962 (1984), and the case was sent back to the district court in 1984. Township then moved for voluntary dismissal by the district court because the amount in controversy exceeded $10,000. The motion was denied, and leave to appeal to the circuit court was also denied. At that point, Township filed suit against State Bank of Fraser in Macomb Circuit Court for breach of an express contract, alleging that defendant failed to timely notify plaintiff that Esser's checks had been dishonored

REFERENCES

Am Jur 2d, Abatement, Survival, and Revival §§ 1 et seq.

Am Jur 2d, Limitation of Actions §§ 138 et seq.

Tolling of time for filing notice of appeal in civil action in federal court under Rule 4(a)(4) of Federal Rules of Appellate Procedure. 74 ALR Fed 516.

Circumstances under which court may abate a prior action and permit parties to proceed in subsequent action. 6 ALR3d 468.

by Bank of Commerce. The court, Robert J. Chrzanowski, J., granted summary disposition in favor of defendant on two grounds: (1) that there was a pending action between the same parties based on the same cause of action in district court and (2) that the period of limitation had expired. Plaintiff appealed.

The Court of Appeals *held*:

1. Dismissal was properly granted, since the instant suit is virtually identical to the suit pending in district court.

2. The trial court erred in granting summary disposition on the ground that plaintiff's claim was barred by the statute of limitations. The period of limitation was tolled upon the filing of the amended complaint in the district court action in 1980 and service upon defendant.

3. Plaintiff's challenge of the district court's jurisdiction in the original case is a legal question which must be decided by the district court. The district court action in the original case has not been appealed to the Court of Appeals.

Affirmed.

1. ABATEMENT AND REVIVAL — MULTIPLE ACTIONS — SAME CAUSE OF ACTION.

Two lawsuits must be based on the same or substantially the same cause of action in order for the prior suit to abate a subsequent suit, and, generally, the same relief must be sought; an action may be dismissed where "another action is pending between the same parties involving the same claim" (MCR 2.116[C][6]).

2. ABATEMENT AND REVIVAL — MULTIPLE ACTIONS — SAME CAUSE OF ACTION — INCREASED DAMAGES.

An increase in the amount of money damages alleged is insufficient to avoid dismissal of an action in circuit court where another action between the same parties involving the same claim is pending in district court.

3. LIMITATION OF ACTIONS — TOLLING.

A period of limitation is tolled during the time a suit is pending, even if the court of original filing lacked subject matter jurisdiction over the controversy (MCL 600.5856[1]; MSA 27A.5856[1]).

*Paglia & Associates, P.C.* (by *A. T. Paglia, Jr.*), for plaintiff.

*Blomberg, Anderson & Moore, P.C.* (by *G. Timothy Moore*), for defendant.

Before: SHEPHERD, P.J., and WAHLS and SULLI-
VAN, JJ.

WAHLS, J. Plaintiff, Township Oil Company, ap-
peals as of right from the Macomb Circuit Court's
order granting summary disposition in favor of
defendant, State Bank of Fraser. Plaintiff sought
to recover damages for breach of contract from
defendant, a depository bank, for certain negotia-
ble instruments plaintiff had received. Defendant
moved for and was granted summary disposition
on two grounds: (1) that there was a pending
action between the same parties based on the
same cause of action in district court, MCR
2.116(C)(6) and (2) that the period of limitation had
expired, MCR 2.116(C)(7). We affirm on the former
ground.

This case arises out of the alleged mishandling
of checks. Plaintiff was a gasoline wholesaler and
maintained a checking account with defendant.
Plaintiff had accepted checks from one of its cus-
tomers, Esser Enterprises, and deposited the
checks with defendant. Plaintiff then delivered
gasoline to Esser on a daily basis, apparently in
reliance on the fact that the checks had been
honored. After approximately two weeks, plaintiff
was notified by defendant that the checks had
been returned because of insufficient funds.

Plaintiff contends that this two-week delay was
due to the mishandling of these checks by both
Esser's bank, Bank of Commerce, and defendant.
Specifically, plaintiff contends that defendant was
notified by the Bank of Commerce that two of
Esser's checks were not covered with sufficient
funds and a stop payment order had been placed
on all the checks, but that defendant, in breach of
its express contract with plaintiff, failed to timely
notify plaintiff. Plaintiff asserts that, as a result of

this breach, it suffered substantial damages because it had delivered approximately $73,000 worth of gasoline and other products to Esser during the two-week delay which it would not have delivered had defendant timely notified plaintiff.

Plaintiff initially sued Bank of Commerce on December 14, 1976, in circuit court. In May, 1979, the circuit court removed the case to the district court because mediation determined that the probable value of the suit was less than the $10,000 jurisdictional amount of the circuit court. In January, 1980, plaintiff amended its complaint to add defendant as a codefendant and to increase the damages to an amount in excess of $10,000. Defendant moved for accelerated judgment based on the statute of limitations. In July, 1983, this Court determined that the period of limitation had not run on the claim of an express contract and remanded for further proceedings.

In August, 1984, plaintiff filed a motion for voluntary dismissal because the amount in controversy exceeded $10,000, causing the district court to lose jurisdiction. That motion was denied. Plaintiff's request for leave to appeal to the circuit court was also denied on the basis that the issues presented were not ripe for appellate review. Plaintiff did not appeal that case further; rather, it filed this action in circuit court claiming damages of at least $50,000.

Plaintiff argues that the circuit court erred in granting summary disposition pursuant to MCR 2.116(C)(6) because it is seeking a different relief. Dismissal is proper when "[a]nother action has been initiated between the same parties involving the same claim." MCR 2.116(C)(6) [formerly GCR 1963, 116.1(4)].

> The court rule is a codification of the former plea of abatement by prior action. See *Rene J DeLorme, Inc v Union Square Agency, Inc,* 362 Mich 192; 106 NW2d 754 (1961); *Chapple v National Hardwood Co,* 234 Mich 296, 297; 207 NW 888 (1926). Abatement protects parties from the harassment of new suits filed by the same plaintiffs involving the same questions as those in pending litigation. *Chapple, supra,* p 298. [*Ross v Onyx Oil & Gas Corp,* 128 Mich App 660, 666; 341 NW2d 783 (1983).]

In order for a pending action to abate a subsequent action, the two suits must be based on the same, or substantially the same, cause of action and request for relief. *Id.*

Dismissal was properly granted in the instant case. The instant suit is virtually identical to the suit pending in district court. The only difference is that the instant suit requests higher damages. An increase in the amount of money damages alleged is insufficient to avoid dismissal. *Petosky Asphalt Paving Co v Malow,* 363 Mich 13, 14; 108 NW2d 768 (1961); *J D Candler Roofing Co, Inc v Dickson,* 149 Mich App 593; 386 NW2d 605 (1986); *Ross, supra,* 666-667.

We note, however, that to the extent the circuit court granted summary disposition pursuant to MCR 2.116(C)(7) on the basis that plaintiff's claim was barred by the statute of limitations, it erred. Plaintiff's claim is based on breach of contract, which claim is subject to a six-year period of limitation. MCL 600.5807(8); MSA 27A.5807(8). The alleged breach occurred in February, 1976. Plaintiff's district court action was amended in 1980 to include defendant as a party. Upon the filing of the amended complaint in 1980 and service upon defendant, the period of limitation was tolled. MCL 600.5856(1); MSA 27A.5856(1). A pe-

riod of limitation is tolled during the time a suit is pending, "even if the court of original filing lacked subject-matter jurisdiction over the controversy." *Annabel v C J Link Lumber Co,* 115 Mich App 116, 121; 320 NW2d 64 (1982), rev'd on other grounds 417 Mich 950 (1983).

Finally, plaintiff argues that the district court lacks jurisdiction in the original case because the amount requested in that suit is now over the jurisdictional limit of $10,000. Since jurisdiction is a legal question which must be decided by the court, and since the district court action in the original case has not been appealed to this Court, we decline to address this issue.

Affirmed.