BHAMA v BHAMA

Docket No. 97633. Submitted February 17, 1988, at Detroit. Decided June 6, 1988.

Following the divorce of plaintiff, Savitri Bhama, and defendant, Rajendra Bhama, custody of their two minor children was awarded to plaintiff. The divorce decree was subsequently modified to award custody of the children to defendant. On appeal, the Court of Appeals, in an unpublished opinion per curiam, reversed and remanded for an evidentiary hearing, following which custody of one child was awarded to plaintiff and custody of the other to defendant. On appeal, the Court of Appeals, in an unpublished opinion per curiam, reversed, and defendant regained custody of both children. While this last appeal was pending, plaintiff brought an action in the Wayne Circuit Court against defendant, alleging intentional infliction of emotional distress. Plaintiff alleged that defendant used his training in psychiatry to "systematically manipulate, instigate, involuntarily convert, intimidate, indoctrinate and brainwash the minor children into totally rejecting" plaintiff to "the point of extreme antagonism and instilled hatred." The trial court, John H. Hausner, J., granted summary disposition in favor of defendant, ruling that plaintiff had failed to state a claim upon which relief could be granted and that the action was abated by the prior custody proceedings and barred by res judicata. Plaintiff appealed.

The Court of Appeals *held:*

1. The deliberate destruction of a parent-child relationship can be so outrageous as to form a basis for a claim of intentional infliction of emotional distress by one former spouse against the other.

2. The prior custody proceedings and the current action are not based on the same, or substantially the same, cause of

REFERENCES

Am Jur 2d, and Mental Disturbance §§ 1, 2, 4-12.

Am Jur 2d, Judgments § 394.

Am Jur 2d, Torts §§ 1-7, 18, 19, 26-29, 33.

Modern status of intentional infliction of mental distress as independent tort; "outrage". 38 ALR4th 998.

action and request for relief. Thus, the custody proceedings cannot abate the current action.

3. Res judicata does not bar the current action since the custody proceedings and the current action cannot be sustained by the same facts or proofs.

Reversed and remanded for trial.

1. TORTS — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

Four elements make up a prima facie claim of intentional infliction of emotional distress: (1) extreme and outrageous conduct; (2) intent or recklessness; (3) causation; and (4) severe emotional distress.

2. TORTS — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

Liability for intentional infliction of emotional distress exists only where the conduct has been so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community; liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.

3. HUSBAND AND WIFE — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS — DELIBERATE DESTRUCTION OF PARENT-CHILD RELATIONSHIP.

A cause of action for intentional infliction of emotional distress can be maintained by one former spouse against the other based on the defendant's deliberate destruction of the relationship between the plaintiff and the parties' children.

4. TORTS — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS — EXTREME AND OUTRAGEOUS CONDUCT.

The extreme and outrageous character of conduct necessary to support a cause of action for intentional infliction of emotional distress may arise from the position of the actor or a relationship to the distressed party, i.e., it may occur through an abuse of a relationship which puts the defendant in a position of actual or apparent authority over a plaintiff or gives a defendant power to affect a plaintiff's interest.

5. TORTS — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS — EXTREME AND OUTRAGEOUS CONDUCT.

Whether a defendant's acts were sufficiently outrageous to support a cause of action for intentional infliction of emotional distress depends upon the context in which the defendant committed them.

6. ABATEMENT AND REVIVAL — MULTIPLE ACTIONS — SAME CAUSE OF
     ACTION.

    Two lawsuits must be based on the same or substantially the
     same cause of action in order for the prior suit to abate the
     subsequent suit (MCR 2.116[C][6]).

7. JUDGMENTS — RES JUDICATA.

    There are three prerequisites for a prior judgment to constitute a
     bar in a subsequent action: (1) the former action must have
     been decided on the merits; (2) the same matter contested in
     the second action must have been decided in the first; and (3)
     the two actions must be between the same parties or privies.

8. JUDGMENTS — RES JUDICATA.

    The test for determining whether a second suit is for the same
     cause of action as an earlier one, for purposes of application of
     res judicata, is whether the same facts or evidence would
     sustain both actions.

*Joseph E. Mihelich,* for plaintiff.

*Eugene S. Hoiby* and *Beth A. Stotzky,* for defen-
dant.

Before: D. E. HOLBROOK, JR., P.J., and DOCTOROFF
and C. W. SIMON, JR.,* JJ.

DOCTOROFF, J. Plaintiff appeals as of right from
the trial court's order granting defendant's motion
for summary disposition, MCR 2.116(C)(6) and (8).
We reverse.

    Plaintiff and defendant, both psychiatrists, were
divorced in 1977. Plaintiff was awarded custody of
the two minor children. On appeal, this Court
affirmed in a memorandum opinion decided March
9, 1979, following which the Supreme Court denied
leave to appeal.

    In 1981, the divorce decree was modified to
award custody of both children to defendant. On
appeal, this Court reversed and remanded for an
evidentiary hearing. Unpublished opinion per cu-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

riam of the Court of Appeals, decided July 2, 1982 (Docket No. 59772).

Following the evidentiary hearing, plaintiff was awarded custody of one child and defendant was awarded custody of the other.

On appeal, this Court reversed and defendant regained custody of both children. Unpublished opinion per curiam of the Court of Appeals, decided November 5, 1986 (Docket Nos. 86942 and 87207). The Supreme Court then denied leave to appeal.

In the interim, on September 30, 1986, plaintiff filed a complaint against defendant alleging intentional and negligent infliction of emotional distress. She alleged outrageous conduct in that defendant used his training in psychiatry over an extended period of time to, among other things, "systematically manipulate, instigate, involuntarily convert, intimidate, indoctrinate and brainwash the minor children into totally rejecting" her to "the point of extreme antagonism and instilled hatred."

Defendant thereafter filed a motion for summary disposition. The trial court granted it, ruling that plaintiff's claim of intentional infliction of emotional distress failed as a matter of law. The court stated that the creation of negative relationships does not amount to outrageous conduct. The court also found plaintiff's claim to be barred by res judicata.

Plaintiff now claims that the trial court erred by granting defendant's motion for summary disposition because her complaint stated a claim on which relief could be granted and was not barred by res judicata.

A motion for summary disposition pursuant to MCR 2.116(C)(8) tests the legal sufficiency of the pleadings. *Cockels v Int'l Business Expo,* 159 Mich

App 30, 33; 406 NW2d 465 (1987), lv den 428 Mich
914 (1987). All well-pled allegations must be taken
as true and the motion should be denied unless the
alleged claims are so clearly unenforceable as a
matter of law that no factual development can
possibly justify a right to recover. *Hankins v Elro
Corp,* 149 Mich App 22, 26; 386 NW2d 163 (1986).

In *Roberts v Auto-Owners Ins Co,* 422 Mich 594;
374 NW2d 905 (1985), the Supreme Court ad-
dressed the tort of intentional infliction of emo-
tional distress in the context of an insurance
contract case in which the plaintiff was denied
benefits. The Supreme Court determined that, be-
cause plaintiff failed to meet the threshold require-
ments of proof in order to make out a prima facie
claim of intentional infliction of emotional distress,
the Court was constrained from reaching the issue
as to whether this modern tort should be formally
adopted into our jurisprudence. *Id.,* p 597.

The Court did, however, identify the four ele-
ments that make up a prima facie claim: (1) ex-
treme and outrageous conduct; (2) intent or reck-
lessness; (3) causation; and (4) severe emotional
distress. *Id.,* p 602.

The Court then elaborated on the first element:

> An oft-quoted Restatement comment summa-
> rizes the prevailing view of what constitutes "ex-
> treme and outrageous" conduct:
> "The cases thus far decided have found liability
> only where the defendant's conduct has been ex-
> treme and outrageous. It has not been enough that
> the defendant has acted with an intent which is
> tortious or even criminal, or that he has intended
> to inflict emotional distress, or even that his con-
> duct has been characterized by 'malice', or a de-
> gree of aggravation which would entitle the plain-
> tiff to punitive damages for another tort. Liability
> has been found only where the conduct has been

so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'

"The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. The rough edges of our society are still in need of a good deal of filing down, and in the meantime plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind. There is no occasion for the law to intervene in every case where some one's feelings are hurt. There must still be freedom to express an unflattering opinion, and some safety valve must be left through which irascible tempers may blow off relatively harmless steam. [Restatement Torts, 2d, § 46, comment d, pp 72-73.]" [*Id.*, pp 602-603.]

The Court then went on to note that some conduct which would otherwise be extreme and outrageous might be privileged under the circumstances:

"The actor is never liable, for example, where he has done no more than to insist upon his legal rights in a permissible way, even though he is well aware that such insistence is certain to cause emotional distress. [Restatement Torts, 2d, § 46, comment g, p 76.]" [*Id.*, p 603.]

This Court has recognized the tort of intentional infliction of emotional distress in noninsurance cases. See *Dickerson v Nichols,* 161 Mich App 103, 107-109; 409 NW2d 741 (1987); *Margita v Diamond Mortgage Corp,* 159 Mich App 181, 187-191; 406

NW2d 268 (1987); *Rosenberg v Rosenberg Bros Special Account,* 134 Mich App 342, 350-353; 351 NW2d 563 (1984); *Ledsinger v Burmeister,* 114 Mich App 12, 17-21; 318 NW2d 558 (1982).

The trial court in the present matter ruled that the tort of intentional infliction of emotional distress does not exist for the creation of a negative relationship between a child and his other parent because it is a problem in almost every marital case and does not constitute conduct so outrageous that it cannot be tolerated in this civilized society. We disagree, and find the rationale in *Raftery v Scott,* 756 F2d 335 (CA 4, 1985), to be persuasive.

*Raftery* involved a plaintiff's former wife's successful effort to destroy the relationship between her son and plaintiff, his father, and to prevent their reconciliation. Although plaintiff had visitation rights, as plaintiff does in the present case, the former wife persuaded the son not to see the plaintiff. *Id.,* p 337. The *Raftery* court determined that the facts of the case independently supported a claim for intentional infliction of emotional distress:

> [I]t seems clear that, absent a bar for some reason, altogether independent of the alienation of affection contention, a cause of action should lie for psychological damage flowing from the enforced separation from the father, even, or, indeed, especially if the affection of the father had in no way abated, an entirely plausible possibility. [*Id.,* p 340.]

In response to the former wife's public policy argument that a child will suffer from psychological adversities if he is cast in the role of "a pawn in a battle inspired by greed for filthy lucre of one of the parents," the *Raftery* court held:

Sufficient proof must be adduced of intentional infliction and something much more than simply aggravation must be shown to make out a case of emotional distress. The implicit threat of an avalanche of cases, arising whenever one parent makes an uncomplimentary remark about the other, simply is not perceived by us as seriously undermining society or its laws. The harm of deliberate frustration of a close and affectionate relationship between parent and child, which the evidence permitted the jury to find in the instant case, were there no remedy available to a parent who as a result was psychologically damaged strikes us as more potentially a danger to society. [*Id.*]

Similarly, in the present case, we are unpersuaded that the deliberate destruction of a parent-child relationship can never be recognized as outrageous conduct. As stated in *Margita, supra,* pp 189-190:

The extreme and outrageous character of the conduct may arise from the position of the actor or a relationship to the distressed party. *Ledsinger, supra,* p 19. For example, it may occur through an abuse of a relationship which puts the defendant in a position of actual or apparent authority over a plaintiff or gives a defendant power to affect a plaintiff's interest. *Warren v June's Mobile Home Village & Sales, Inc,* 66 Mich App 386, 391; 239 NW2d 380 (1976). Whether a defendant's acts were sufficiently outrageous depends upon the context in which the defendant committed them. *Rosenberg, supra,* p 353.

Taking plaintiff's allegations as true, they are not so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recover, *Hankins, supra.*

Defendant also brought his motion for summary

disposition pursuant to MCR 2.116(C)(6). In *Township Oil Co v State Bank of Fraser,* 162 Mich App 737, 740-741; 413 NW2d 94 (1987), this Court stated:

> Dismissal is proper when "[a]nother action has been initiated between the same parties involving the same claim." MCR 2.116(C)(6) [formerly GCR 1963, 116.1(4)].
>
> "The court rule is a codification of the former plea of abatement by prior action. See *Rene J DeLorme, Inc v Union Square Agency, Inc,* 362 Mich 192; 106 NW2d 754 (1961); *Chapple v National Hardwood Co,* 234 Mich 296, 297; 207 NW 888 (1926). Abatement protects parties from the harassment of new suits filed by the same plaintiffs involving the same questions as those in pending litigation. *Chapple, supra,* p 298. [*Ross v Onyx Oil & Gas Corp,* 128 Mich App 660, 666; 341 NW2d 783 (1983).]"
>
> In order for a pending action to abate a subsequent action, the two suits must be based on the same, or substantially the same, cause of action and request for relief. *Id.*

The trial court also stated on the record that plaintiff's action is barred by the doctrine of res judicata. The doctrine of res judicata is a manifestation of the recognition that endless litigation leads to vexation, confusion and chaos for the litigants as well as inefficient use of judicial resources. *Rogers v Colonial Federal Savings & Loan Ass'n of Grosse Pointe Woods,* 405 Mich 607, 615; 275 NW2d 499 (1979). For res judicata to bar plaintiff's action in the present case, (1) the former action must have been decided on the merits, (2) the same matter contested in the second action must have been decided in the first, and (3) the two actions must be between the same parties or privies. *York v Wayne Co Sheriff,* 157 Mich App

417, 422; 403 NW2d 152 (1987), lv den 428 Mich 907 (1987). In Michigan, the broad application of res judicata prevails, that is, all claims that could have been raised in the first action are barred as well as those claims that were actually litigated. *Gose v Monroe Auto Equipment Co,* 409 Mich 147; 294 NW2d 165 (1980).

In this case, only the nature of the contested matter is at issue.

> "In the application of the doctrine of res judi-cata, if it is doubtful whether a second action is for the same cause of action as the first, the test generally applied is to consider the identity of facts essential to their maintenance, or whether the same evidence would sustain both. If the same facts or evidence would sustain both, the two actions are considered the same within the rule that the judgment in the former is a bar to the subsequent action. If, however, the two actions rest upon different states of facts, or if different proofs would be required to sustain the two actions, a judgment in one is no bar to the maintenance of the other." [*York, supra,* p 423, quoting 30A Am Jur, Judgments, § 365, pp 407-408.]

In the present case, the two actions cannot be sustained by the same facts or proofs. The "former action" was the 1985 custody proceeding, in which defendant was ultimately awarded custody of both children. This action was litigated under the Child Custody Act, MCL 722.21 *et seq.*; MSA 25.312(1) *et seq.*, and an eleven-factor test to be used in deter-mining the best interests of the child. MCL 722.23; MSA 25.312(3). As part of the custody action, plaintiff did argue that defendant had "brain-washed" the children in order to purposely turn them against her. However, that argument was relevant to one of the eleven factors for determin-

ing the willingness and ability of each of the parents to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent. MCL 722.23(j); MSA 25.312(3)(j). The court in the custody proceeding had to assess that evidence as it relates to the best interests of the child, so proof of outrageousness, intent, causation and plaintiff's emotional distress would not have been required. See *York, supra,* p 423. Additionally, plaintiff is seeking monetary damages for an injury she is alleged to have incurred, whereas in the "former action," both parties sought custody of the minor children. Plaintiff's claims are not barred by the doctrine of res judicata, and the trial court erred by granting defendant's motion for summary disposition on this ground.

Because defendant has failed to file a cross-appeal, we do not address the issues he raises. See MCR 7.207; *Michigan Ass'n of Administrative Law Judges v Michigan Personnel Director,* 156 Mich App 388, 395; 402 NW2d 19 (1986).

Reversed and remanded for trial.