107 F.3d 871
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Allan PARMELEE, Plaintiff-Appellant,
v.
Milford BRUGGEMAN; Janine Bruggeman; Friend of the Court
for the State of Michigan; Nancy Rose, employee of the
State of Michigan for the Friend of the Court; Glenda
Friday, employee of the State of Michigan for the Friend of
the Court; Karen Dunn, employee of the State of Michigan
for the Friend of the Court; Thomas Kreckman, employee of
the State of Michigan for the Friend of the Court; State of
Michigan, Defendants-Appellees.
 No. 96-1106.
 United States Court of Appeals, Sixth Circuit.
 March 3, 1997.
 
 1
 Before: KENNEDY, NELSON, and GODBOLD,* Circuit Judges.
 
 ORDER
 
 2
 Allan Parmelee, a resident of the state of Washington, moves for the appointment of counsel on appeal from a district court judgment in favor of the defendants in an action asserting constitutional violations under 42 U.S.C. § 1983 and state torts. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Parmelee filed this action for monetary damages against his ex-wife and her current husband (the Bruggemans), the office of the Friend of the Court, four employees of the Friend of the Court office, and the state of Michigan, asserting vague claims of constitutional violations, fraud, libel, and intentional interference with his visitation with his son, resulting in emotional distress. The complaint alleged that Parmelee was currently residing in Washington and the Bruggemans were currently residing in Florida, but that complete diversity of citizenship was lacking. The matter was referred to a magistrate judge, who recommended that the state defendants' motion for summary judgment be granted and that the complaint be dismissed as to the Bruggemans, although they had never entered an appearance. Over Parmelee's objections, the district court adopted these recommendations. On appeal, Parmelee argues that the district court erred in not finding that it had diversity jurisdiction, in denying his motion for appointment of counsel, in denying his motions for default judgment against the Bruggemans, in denying his motion to amend his complaint, and in staying discovery. Parmelee has expressly waived all claims against the office of the Friend of the Court and the state of Michigan.
 
 
 4
 Upon review, we conclude that the state employee defendants were properly granted summary judgment, as there is no genuine issue of material fact and they are entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). There is no genuine issue of material fact as to Parmelee's vague claims of constitutional violations and interference with his child visitation rights by these defendants. First, Parmelee never indicated what action these defendants could have taken in response to his complaints, when he and the Bruggemans were no longer living in Michigan and, as Parmelee has conceded, the Michigan courts had no jurisdiction over the visitation issue. Moreover, they are entitled to absolute quasi-judicial immunity from damages. See Bush v. Rauch, 38 F.3d 842, 847 (6th Cir.1994). There is no issue of material fact as to Parmelee's claim of fraud against these defendants for asserting that he had directed hostility and profanity towards them, as Parmelee failed to assert the elements of any such cause of action. See Schwartz v. Electronic Data Sys., Inc., 913 F.2d 279, 285 (6th Cir.1990). Similarly, no material issue of fact as to Parmelee's claim of libel exists, as the defendants' statement was absolutely privileged. See Briscoe v. LaHue, 460 U.S. 325, 330-34 (1983).
 
 
 5
 We also conclude that the complaint was properly dismissed as to the Bruggemans, in so far as Parmelee alleged a violation of his civil rights. No set of facts would entitle Parmelee to relief from these defendants under his vague constitutional claims, as they are not state actors. See Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). He failed to state a claim of fraud or libel against these defendants based on the statement in court filings that Parmelee's child support payments were in arrears. These statements were absolutely privileged.
 
 
 6
 Parmelee also argues that he stated a claim of infliction of emotional distress under diversity jurisdiction. While his original and amended complaints alleged that there was no diversity jurisdiction, he did move to amend his complaint to contradict these original allegations. While Parmelee's motion still failed to state his citizenship or that of the Bruggemans and thus failed to set forth a short and plain statement of the grounds upon which diversity jurisdiction depended, see Diminnie v. United States, 728 F.2d 301, 306 (6th Cir.) (per curiam), cert. denied, 469 U.S. 842 (1984), the motion was not denied on a procedural basis.
 
 
 7
 Rather, the district court denied the motion on the grounds that the amendment would be futile. It recognized that in Bhama v. Bhama, 425 N.W.2d 733 (Mich.App.1988), the Michigan Court of Appeals allowed a cause of action to proceed where the custodial parent created a negative relationship between the child and the noncustodial parent through denial of visitation rights. The district court distinguished Bhama on the grounds that there was no allegation here that Mr. Parmelee had any visitation rights. Contrary to the district court's holding, Mr. Parmelee's amended complaint alleged in paragraph 11 that the order of the Orange County, Florida court outlines specific visitation conditions and communication with Parmelee. Other allegations of the amended complaint allege that Mrs. Bruggeman and Parmelee obtained their divorce in Florida. Thus, the district court erred in denying the motion to amend on the grounds recited. The dismissal of the diversity claim of intentional infliction of emotional distress is reversed and remanded to the district court for further consideration.
 
 
 8
 The remaining specific arguments raised on appeal are meritless. Parmelee has demonstrated no abuse of discretion by the district court in denying his motion for the appointment of counsel. See McNeil v. Lowney, 831 F.2d 1368, 1371 (7th Cir.1987), cert. denied, 485 U.S. 965 (1988). Further, discovery was properly stayed during the pendency of a dispositive motion based on absolute immunity, see Bush, 38 F.3d at 849; Criss v. City of Kent, 867 F.2d 259, 261 (6th Cir.1988).
 
 
 9
 For all of the above reasons, the motion for counsel is denied and the district court's judgment is affirmed as to the claims against the state employee defendants, the office of the Friend of the Court, and the state of Michigan, and as to the civil rights, fraud, and libel claims against the Bruggemans. The dismissal of the claim of intentional infliction of emotional distress against the Bruggemans is vacated and this matter remanded for further consideration. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John C. Godbold, Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation