221 P.2d 560

## SANCHEZ v. REILLY.

### No. 5260.

Supreme Court of New Mexico.

Aug. 21, 1950.

Rueckhaus & Watkins, Albuquerque, for appellant.

Isidore F. Gallegos, Albuquerque, for appellee.

LUJAN, Justice.

The plaintiff (appellee) sued the defendant (appellant), in an action of forcible entry and detainer. The cause originated in the justice of the peace court of Precinct No. 11, Bernalillo County, upon a complaint filed by the plaintiff on March 30, 1949, which alleged that the defendant, on January 1, 1949, unlawfully and with force entered into and upon his land and detains and holds possession thereof against him. Summons issued returnable on April 7, 1949. After two continuations the case was heard on April 30, 1949, and judgment rendered in favor of the plaintiff for restitution of the property. The justice court assessed damages against the defendant in the sum of $200.00, as actual rental value of the premises from January 1, 1949, to April 30, 1949, at the rate of $50.00 per month.

From this judgment the defendant prosecuted an appeal to the district court where the cause was tried de novo. Pending the appeal, the defendant remained in possession of the premises from May 1, 1949, to August 31, 1949. On August 27, 1949, the district court found the defendant guilty of forcible entry and detainer and rendered judgment against him; ordered the property restored to the plaintiff and assessed damages against him in the sum of $200.00, for the use of same from January 1, 1949, to April 30, 1949, at the rate of $50.00 per

month, this being the actual rental value of the premises up to rendition of judgment by the justice court. At the same time, and in accordance with Section 38-919 of 1941 Compilation, it assessed double the rental value of the premises for their use by the defendant from the date judgment was rendered by the justice of the peace to the time the premises were turned over to the plaintiff, to-wit, August 31, 1949.

On September 16, 1949, the defendant filed a motion; the pertinent part reads as follows:

"* * *; said judgment recites that this judgment was an appeal de novo from justice of the peace court and orders delivery of immediate possession of the premises described in said judgment to the plaintiff, which judgment has been complied with by the defendant, however, judgment further recites that the plaintiff is given judgment against the defendant and his bondsmen in the amount of Five Hundred and Ninety ($590.00) Dollars, which amount is Three Hundred Ninety ($390.00) Dollars above and beyond the jurisdiction of this court when it sits as a justice of the peace court.

That theretofore the judgment heretofore entered is erroneous and said judgment should be amended so as not to exceed the court's jurisdiction."

It is to be remembered that the statute authorizing double damages has no application to trial of forcible entry and detainer cases in the courts of the justice of the peace. The statute in question, 1941 Comp. Section 38-919, does not begin to operate until there is an appeal from a justice court judgment to the district court where, in a proper case, the district court is authorized to award double damages. The defendant complains that although he retained possession of the premises pending trial of the appeal in the district court; nevertheless, that court was limited by Const. art. 6, Sec. 26, to an award of damages within the maximum amount of its civil jurisdiction as therein fixed. In argument he reminds us that the district court in a trial de novo on appeal from a justice court is limited by the jurisdiction of the latter court. Pointer v. Lewis, 25 N.M. 260, 181 P. 428, and Geren & Hammond v. Lawson, 25 N.M. 415, 184 P. 216, are cited. Davidson v. Enfield, 35 N.M. 580, 3 P.2d 979 and McCann v. McCann, 46 N.M. 406, 129 P.2d 646, might well have been added as supporting authority.

In view of the principles applied in the cases just cited, we are constrained to hold that where an award of statutory double damages on appeal from the justice court to the district court would produce a judgment, exclusive of interest, in excess of two hundred ($200.00) dollars, such

court lacks jurisdiction in the premises. Lykes v. Schwarz, 91 Ala. 461, 8 So. 71; Giddens v. Bolling, 92 Ala. 586, 9 So. 274; Crocker v. Goldstein, 209 Ala. 172, 95 So. 873.

In other words, under the authority of the cases cited first above, the district court can render judgment for no greater amount than could the justice of the peace. If a plaintiff desires, he may sue in the justice court for possession alone and, where the damages at the beginning, or later through delay in trial, seem likely to exceed jurisdiction of the justice of the peace, sue separately for such damages in the district court. Of course, if the rental exceeds fifty ($50.00) dollars per month, under Sec. 38-901, he may sue for both possession and damages in the district court in the first instance. Whether, where latter course is pursued, a plaintiff could claim double damages under 1941 Comp. Sec. 38-919 on an appeal to the Supreme Court from the district court judgment, we do not determine.

The judgment under review should be reversed and the cause remanded with direction to the trial court to modify its judgment and proceed further in accordance with the views herein expressed. It is so ordered.

BRICE, C. J., and SADLER, McGHEE and COMPTON, JJ., concur.