581 P.2d 1280

Lucia VALDEZ, personal representative of Victor Chavez, Deceased, Richard D. Lance, Sr., personal representative of Gladys M. Lance, Deceased, Isabela Barela, personal representative of Jimmy Barela, Deceased, and Theodore Eugene Hall, Petitioners,

v.

Irby B. BALLENGER, Respondent.

No. 11855.

Supreme Court of New Mexico.

July 14, 1978.

Benito Sanchez, Sutin, Thayer & Browne, Jonathan B. Sutin, Joseph P. Paone, Albuquerque, for petitioners.

Modrall, Sperling, Roehl, Harris & Sisk, James A. Parker, Rodey, Dickason, Sloan, Akin & Robb, Robert G. McCorkle, Albuquerque, for respondent.

## OPINION

PAYNE, Justice.

This opinion involves the question of proper venue and jurisdiction of two causes of action arising out of a two-car collision in Bernalillo County. Irby Ballenger, the driver and sole occupant of one car, filed suit on May 24, 1977, in Bernalillo County against Theodore Hall, the driver of the other car, and the unnamed personal representative of Victor Chavez, the owner and a passenger in the car driven by Hall. Jimmy Barela and Gladys Lance were also passengers in the car driven by Hall. On June 10, Lucia Valdez was named personal representative of the Chavez estate and filed suit in Torrance County against Ballenger. Hall and the personal representatives of Lance and Barela joined in the Torrance action against Ballenger. Ballenger subsequently amended his complaint in Bernalillo County substituting Valdez as the representative of the Chavez estate. On August 1, the judge in Torrance County orally enjoined Ballenger from proceeding in Bernalillo County and on August 24, the Bernalillo County judge enjoined Hall and Valdez from proceeding in Torrance County. Both parties appealed to the Court of Appeals which ordered the trial court in Torrance County to abate the action and rescind its injunction. Hall, Valdez, Lance and Barela sought a writ of certiorari which we granted. We agree with the result reached by the Court of Appeals.

■ Ballenger argues that the case of *State v. Larrazolo*, 70 N.M. 475, 375 P.2d 118 (1962), is applicable and that Hall and Valdez should be forced to file their claim as a counterclaim in the Bernalillo action. *Larrazolo* holds that:

> Generally, a second suit based on the same cause of action as a suit already on file will be abated where the first suit is entered in a court of competent jurisdiction in the same state between the same parties and involving the same subject matter or cause of action, if the rights of the parties can be adjudged in the first action.

*Id.* at 482, 375 P.2d at 123.

■ Hall was named in the suit filed on May 24, thus under *Larrazolo* he must proceed in Bernalillo County. Ballenger argues that under Rule 15(c) of the New Mexico Rules of Civil Procedure, § 21–1–

1(15)(c), N.M.S.A.1953 (Repl.1970), the July 10 amendment substituting Valdez for John Doe as representative of the Chavez estate relates back to May 24 and therefore Valdez should be forced to abate her action in Torrance County. Rule 15(c) provides that an amendment will relate back to the date of the original complaint if the claim or defense stated in the amended pleading arose out of the same conduct, transaction or occurrence set forth in the original complaint and (1) the party to be brought in by amendment has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) he knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him. The following cases have held that substitution of a John Doe relates back to the original complaint: *Varlack v. SWC Caribbean, Inc.*, 550 F.2d 171 (3rd Cir. 1977); *Craig v. United States*, 413 F.2d 854 (9th Cir. 1969), *cert. denied*, 396 U.S. 987, 90 S.Ct. 483, 24 L.Ed.2d 451 (1969); *Stephens v. Balkamp, Inc.*, 70 F.R.D. 49 (E.D.Tenn.1975); *Heatherton v. Playboy, Inc.*, 60 F.R.D. 372 (C.D. Cal.1973). In the present case Hall and Valdez are represented by the same law firm. Further, at the time the suit was filed, Hall's attorney advised Ballenger that his law firm was representing the Chavez estate. Valdez received notice of the suit and she knew that she would have been served had she been named representative of the Chavez estate. Therefore, the July 6, 1977, amendment relates back to May 24 and Valdez must abate her action in Torrance County. Rule 13(a) of the New Mexico Rules of Civil Procedure, § 21-1-1(13)(a), N.M.S.A.1953 (Repl.1970), provides that if Mrs. Valdez wants to assert a claim against Ballenger she must do so as a compulsory counterclaim in the Bernalillo action.

The remaining question is whether Lance and Barela can proceed in Torrance County absent Valdez. The Court of Appeals did not directly address this issue.

Since Lance and Barela are not parties in the Bernalillo County action the court in Bernalillo County did not have jurisdiction over them and therefore their action in Torrance County should not be abated under the rationale of the *Larrazolo* case. The court in Torrance County has jurisdiction to hear Lance and Barela's claim. But venue is improper and therefore, since Ballenger properly raised the issue of improper venue, the Torrance County action should be dismissed. Valdez, as Chavez' personal representative, is the only party who could bring suit in Torrance County. Lance and Barela both resided in Bernalillo County and their estates are being probated in Bernalillo County. Had Valdez properly filed her suit in Torrance County, Lance and Barela could join pursuant to § 21-5-1, N.M.S.A.1953 (Repl.1970). Lance and Barela argue that because venue was proper in Torrance County when the action was commenced, even if Valdez is forced to abandon her suit in Torrance County, they should be allowed to continue their suit. They rely on *Hughes v. Joe G. Maloof and Company*, 84 N.M. 516, 505 P.2d 859 (Ct.App.1973). In the *Hughes* case the Court of Appeals held that § 21-5-1 requires only that venue be proper when the action is commenced. But in the instant case because the amendment substituting Valdez for John Doe as representative of the Chavez estate related back to the original filing of the complaint in Bernalillo County, venue in the Torrance County action was improper *ab initio*. Since venue was not proper when the action was commenced Lance and Barela will not be allowed to maintain the action in Torrance County.

We remand this case to the district court with instructions to dismiss the Torrance County case without prejudice to the rights of the parties to join the Bernalillo County action.

IT IS SO ORDERED.

McMANUS, C. J., and SOSA, EASLEY and FEDERICI, JJ., concur.