673 P.2d 1342
**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Stephen HAAR, Defendant-Appellant.**

**No. 7274.**

Court of Appeals of New Mexico.

Dec. 1, 1983.

Janet Clow, Chief Public Defender, J. Thomas Sullivan, Appellate Defender, Santa Fe, for defendant-appellant.

Paul Bardacke, Atty. Gen., Marcia E. White, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

Defendant was charged in metropolitan court with aggravated battery, a misdemeanor, in violation of NMSA 1978, Section 30–3–5. After a trial by jury, see NMSA 1978, Metro.R. 63 (Repl.Pamp.1981), defendant was convicted of simple battery, a petty misdemeanor. See NMSA 1978, § 30–3–4. The metropolitan court sentenced defendant to ninety days in the county jail, suspended all but thirty days of this jail time, ordered restitution and imposed a ninety-day period of probation. Defendant appealed to the district court where he was again convicted of simple battery. The district court sentenced defendant to ninety days in jail, suspended thirty days of the jail time and imposed a ninety-day probation. Defendant appeals. There are two items for discussion: (1) propriety of the increased jail time in the district court sentence; and (2) the State's attempt to attack the metropolitan court sentence.

*District Court Increase of Jail Time*

The district court sentence imposed thirty more days of jail time than did the metropolitan court. It is not disputed that this was an increase in defendant's sentence.

See *City of Farmington v. Sandoval,* 90 N.M. 246, 561 P.2d 945 (Ct.App.1977). Defendant contends the district court lacked authority to impose a sentence greater than that imposed by the metropolitan court. The State agrees with defendant.

■ The district court, trying a case de novo, which has been appealed from a court of limited jurisdiction, has only such authority as has been authorized by statute. *State v. Haar,* 94 N.M. 539, 612 P.2d 1350 (Ct.App.1980), *cert. denied,* 449 U.S. 1063, 101 S.Ct. 787, 66 L.Ed.2d 606 (1980); *see Sanchez v. Reilly,* 54 N.M. 264, 221 P.2d 560 (1950), and cases therein cited; *State v. Lynch,* 82 N.M. 532, 484 P.2d 374 (Ct.App. 1971), and cases therein cited.

■ By their enabling legislation, whether constitutional or statutory, the municipal, magistrate and metropolitan courts are courts of limited jurisdiction. *City of Farmington v. Sandoval* involved an appeal from municipal court to the district court. There was statutory authority for the district court to impose a penalty greater than the penalty imposed by the municipal court. *State v. Haar* involved an appeal from magistrate court to the district court. The statute involved in *Haar* did not authorize the district court to impose a penalty greater than the penalty imposed by the magistrate court. Subsequently, NMSA 1978, Section 35–13–2 (Cum.Supp.1983), was amended to authorize the district court to impose a greater penalty in appeals from the magistrate court.

■ NMSA 1978, Section 34–8A–6 (Repl. Pamp.1981), provides for a trial de novo when a judgment in a criminal trial in the metropolitan court is appealed to the district court. This language, similar to the language in the magistrate court statute in *Haar,* is silent as to penalty. The Legislature has not amended the metropolitan court statute as it amended the magistrate court statute. The district court lacked authority to impose jail time greater than the jail time imposed by the metropolitan court.

*State's Attack on the Metropolitan Court Sentence*

The State contends the lack of authority in the district court to increase the jail sentence of the metropolitan court does not matter in this case. The State argues:

(a) The metropolitan court sentence involved both restitution and probation; that court lacks authority to impose either restitution or probation. The result, according to the State, is that the entire metropolitan court sentence was void.

(b) "[T]here is no statutory authority for the district court to impose a greater penalty than was imposed by a valid metropolitan court judgment and sentence * * * * *" On the basis that the metropolitan court sentence was void, the State asserts that *no* sentence was imposed by the metropolitan court.

(c) On the basis that no sentence was imposed by the metropolitan court, the State claims that the district court could impose *any* sentence authorized by law.

■ It is unnecessary to answer these contentions. However, we point out that the argument concerning paragraph (c) asserts that the district court is authorized to place a defendant on probation. *See* NMSA 1978, § 31–20–5 (Repl.Pamp.1981). This fails to recognize that a district court, trying a case de novo on an appeal from an inferior court, is limited in its jurisdiction to the jurisdiction of the inferior court. *See Sanchez v. Reilly.* If the metropolitan court lacked authority to impose probation, the district court, in the appeal tried de novo, also lacked authority.

■ It is unnecessary to answer the State's arguments because the metropolitan court sentence is not involved in this appeal. The district court proceedings were de novo, and thus as if no trial had been held in the metropolitan court. *City of Farmington v. Sandoval.* Because the district court trial was de novo, the district court was not reviewing the metropolitan court sentence.

*City of Farmington v. Sandoval.* After the district court trial de novo, the district court was to impose its own sentence within the limitations of its authority in that situation. Our concern in this appeal from a district court judgment is the propriety of the district court's increased sentence; the correctness of the metropolitan court sentence is not involved.

The propriety of defendant's conviction of simple battery in the district court is not challenged; that conviction is affirmed. The district court sentence increasing defendant's jail time, being unauthorized, is reversed. The cause is remanded to the district court to impose a jail sentence which is not greater than the jail sentence imposed by the metropolitan court. In this connection, we point out that should the district court refuse to require either restitution or probation, the issue of the metropolitan court's authority to require either of them would then be properly before us for review in an appeal by defendant. We express no opinion as to the propriety of a state appeal involving the imposition of restitution or probation. *See State v. Crespin,* 96 N.M. 553, 632 P.2d 1191 (Ct.App.1981); *compare Johnson v. Southwestern Catering Corp.,* 99 N.M. 564, 661 P.2d 56 (Ct.App. 1983).

IT IS SO ORDERED.

DONNELLY and NEAL, JJ., concur.