GARCIA, Judge (specially concurring). {26} I specially concur to emphasize that Plaintiffs claims were dismissed under Rule 1-012(B) without prejudice. Since the district court’s order does not indicate whether Plaintiffs claims were dismissed with or without prejudice, we presume that Plaintiffs claims were dismissed without prejudice. Cruz v. FTS Constr. Inc., 2006-NMCA-109, ¶ 27, 140 N.M. 284, 142 P.3d 365 (reasoning that where a district court’s order does not specify whether a dismissal is with or without prejudice, the dismissal is considered to be without prejudice). {27} As a result of the district court’s dismissal of Plaintiffs claims without prejudice, Plaintiff still has a right to refile his state law claims if he can overcome issues regarding whether the NLRA preempts his state law claims and any statute of limitations issues. I agree with the majority that since the disputed activity is arguably subject to Section 7 or 8 of the NLRA, and there is an arguable question regarding whether Plaintiff is an employee covered under the NLRA, the proper forum to initially address those issues is before the NLRB. Majority Opinion, ¶¶ 16-19. As a result, the district court’s dismissal of Plaintiffs claims without prejudice was appropriate. See Dominguez, 137 F.Supp.2d at 1267 (concluding that where the plaintiff was arguably covered by provisions of the NLRA and his state law claim arguably fell within the core purposes of the NLRA, dismissal was appropriate because the state law claim was preempted by the NLRA). {28} As the majority recognizes, if a disputed activity “is arguably subject to Section 7 or 8 of the NLRA, the States as well as the federal courts must defer to the exclusive [jurisdiction] of the NLRB if the danger of state interference with national policy is to be averted.” Majority Opinion, ¶ 14; Weise, 2008-NMCA-121, ¶ 8,144 N.M. 867, 192 P.3d 1244. The United States Supreme Court has clarified that the proper procedure for a state court to determine whether Section 7 or 8 of the NLRA preempts a state law claim is as follows: “[A] court first must decide whether there is an arguable case for [preemption]; if there is, it must defer to the [NLRB], and only if the [NLRB] decides that the conduct is not protected or prohibited may the court entertain the litigation.” Int’l Longshoremen’s Ass’n v. Davis, 476 U.S. 380, 397, 106 S.Ct. 1904, 90 L.Ed.2d 389 (1986). Until the NLRB makes its initial determination of whether Plaintiffs activity is actually governed by Section 7 or 8 of the NLRA, it is uncertain whether the NRLA preempts any future state law claims by Plaintiff. {29} As a result, I agree that since there is an arguable case for preemption, the NLRB has exclusive initial jurisdiction to determine whether the disputed activity is subject to the NLRA. However, as Davis clarifies, a state court’s initial determination that the NLRA arguably preempts state law does not necessarily preclude all future state law claims. Instead, if the NLRB determines that the conduct is not protected or prohibited under the NLRA, then a state court may entertain the litigation under the following circumstances: “(1) if the conduct in question is only a peripheral concern of the NLRA, or (2) if the state law claims touch interests so deeply rooted in local feeling and responsibility that, in the absence of compelling congressional direction, [a court] could not infer that Congress had deprived the States of the power to act.” Weise, 2008-NMCA-121, ¶ 9, 144 N.M. 867, 192 P.3d 1244 (internal quotation marks and citations omitted). {30} I concur with the ultimate result in this ease and the dismissal of Plaintiffs claims without prejudice.