This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**DAVID DERRINGER,**

Plaintiff-Appellant,

v.

NO.   30,616

**JOHN CURTIS CHAPEL,**
**MICKEY C. CHAPEL, and**
**JENNIFER CHAPEL,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Theresa M. Baca, District Judge**

David Derringer
Albuquerque, NM

Pro Se Appellant

Joseph Manges
Santa Fe, NM

for Appellees

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Plaintiff appeals an order dismissing his complaint for replevin and conversion. In our third notice, we proposed to affirm the order of dismissal on the basis of priority jurisdiction. Plaintiff has timely responded with a memorandum in response, including several motions. We have considered his arguments and, not being persuaded, we deny the motions and affirm the order of dismissal.

In our notice, we pointed out that there were currently before the district court in Catron County pleadings addressing Plaintiff's issues relating to recovery of his personal property. Because these matters are still pending there, that court has priority jurisdiction over the issues. Plaintiff continues to argue that the district court of Catron County never had any jurisdiction over matters relating to Plaintiff's personal property. That assertion is belied by the record in CV-2002-19, which shows that Plaintiff filed a motion to dissolve a temporary restraining order, so that he could recover his personal property from the property in forfeiture. Thus, Plaintiff actually sought the assistance of the Catron County District Court in recovering his personal property. Defendants have responded to Plaintiff's motion, but there has been no hearing set, nor any ruling made by the district court.

Further, it appears that during the foreclosure process, the parties presented the district court with a plan regarding Plaintiff's recovery of his personal property. It does not appear that any order was entered to put the plan into effect. Thus, there are

clearly matters before the Catron County District Court relating to Plaintiff's recovery of his personal property. We conclude that Plaintiff's remedy is to pursue his claims there.

Insofar as Plaintiff continues to assert that water, timber, and minerals rights are personal property here, we disagree. We recognize that all three may, under certain circumstances, be personal property. However, those circumstances do not appear to be present here. Both minerals and timber become personal property only once they have been severed from the land. *Caledonian Coal Co. v. Rocky Cliff Coal Mining Co.*, 16 N.M. 517, 524, 120 P. 715 (1911) (stating that minerals are part of the land until physically severed and removed from the premises); *Rankin v. Ridge*, 53 N.M. 33, 37, 201 P.2d 359 (1948) (noting that growing trees and timber are part of the realty). If Plaintiff seeks to recover timber and minerals, he must prove to the district court that he has severed and removed them from the property. With regard to water rights, we recognize that some water rights may be moved from one piece of property to another. We also recognize that real property can be sold with or without water rights. However, a water right in New Mexico has a number of statutory requirements necessary to its ownership. *Cf. Turner v. Bassett*, 2005-NMSC-009, 137 N.M. 381, 111 P.3d 701 (discussing severance of water rights). In the event that Plaintiff seeks

to establish his ownership right to certain water, he will need to show that he has met those requirements.

We conclude that the district court in Catron County has an open case in which issues relating to Plaintiff's personal property remain pending.  Therefore, Plaintiff must pursue his claims on his personal property in that court action.  *See Cruz v. FTS Constr., Inc.*, 2006-NMCA-109, ¶ 15, 140 N.M. 284, 142 P.3d 365 (explaining priority jurisdiction); *Heimann v. Adee*, 122 N.M. 340, 345, 924 P.2d 1352, 1357 (1996) (holding that the district court of the county in a case involving real estate retains exclusive jurisdiction over matters growing out of levy or sale under any execution).

For the reasons stated herein and in the third notice of proposed disposition, we affirm the district court order dismissing Plaintiff's complaint.  The motions included in Plaintiff's response to our calendar notice are denied.

**IT IS SO ORDERED**.


_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**

_____

**TIMOTHY L. GARCIA, Judge**