This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**BRYAN A. NIEC,**

Petitioner-Appellant,

v. **NO. 32,560**

**JESSIE L. CLARK,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Drew D. Tatum, District Judge**

Eric D. Dixon
Portales, NM

for Appellant

Hennighausen & Olsen, LLP
Jeff Grandjean
Roswell, NM

for Appellee

## MEMORANDUM OPINION

**VANZI, Judge.**

Niec appeals an order dismissing his petition to determine parentage and award joint custody. In our notice of proposed summary disposition, we proposed to affirm.

Niec has filed a memorandum in opposition and a motion to amend the docketing statement, which we have duly considered. As we are not persuaded by Niec's arguments, we deny his motion to amend, and we affirm.

In our notice of proposed summary disposition, we proposed to affirm based on the doctrine of priority jurisdiction because of the existence of a prior-filed case in Chaves County involving the same issues between the parties. *See Cruz v. FTS Constr. Inc.*, 2006-NMCA-109, ¶ 10, 140 N.M. 284, 142 P.3d 365 ("The principle of priority jurisdiction is that where two suits between the same parties over the same controversy are brought in courts of concurrent jurisdiction, the court which first acquires jurisdiction retains jurisdiction over the whole controversy to the exclusion or abatement of the second suit." (alteration, internal quotation marks, and citation omitted)).

In Niec's memorandum in opposition, he asserts that the doctrine of priority jurisdiction does not apply to this case because there was already a final judgment in the instant case at the time that the district court dismissed it in favor of the Chaves County suit. [MIO 1-2] It is true that the doctrine generally applies only when there are two pending cases. *Id.* ¶ 15 ("[P]riority jurisdiction serves the same purpose as res judicata, but operates where there is not a final judgment and instead there is a pending case."). However, we disagree with Niec's suggestion that it was improper for the district court to vacate its default judgment in this case based on the doctrine

2

of priority jurisdiction. The purpose of the doctrine is to avoid conflicts that might arise between courts if they were free to make contradictory decisions relating to the same controversy, as well as to prevent parties from filing duplicative suits. *Id.* ¶ 15. Niec has cited no authority to support his claim that it was improper for the district court to grant a Rule 1-060(B) motion for relief from a default judgment in a case that was filed after a prior suit between the same parties involving the same issues, and we therefore assume that no such authority exists. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984). The district court's ruling in this case serves the purpose of preventing parties from filing multiple suits involving the same matters in different courts in the state. Niec has failed to demonstrate that the doctrine of priority jurisdiction is inapplicable here.

Niec also contends that the district court did not find that the lawsuit filed in Chaves County was filed in a court of competent jurisdiction as required by *Cruz. See* 2006-NMCA-109, ¶ 13. [MIO 2] However, Niec's assertion is incorrect. The district court's order expressly states that "[t]his [c]ourt finds that the Fifth Judicial District Court, Chaves County, is a court of competent jurisdiction[.]" [RP 69] To the degree that Niec's argument is intended to assert that the district court should not have found that the Chaves County court was a court of competent jurisdiction, we are not persuaded by his arguments. The matter of the children's residence bears on the question of venue, not jurisdiction. *See* NMSA 1978, § 40-11A-605 (2009)

3

(establishing venue for purposes of the Uniform Parentage Act). Niec has provided no authority to explain why the Chaves County court is without authority to adjudicate the question of whether he was properly served in the case before it. Neither has he provided us with any authority to demonstrate that a court is not one of "competent jurisdiction" for purposes of the doctrine of priority jurisdiction when it has subject matter jurisdiction over the dispute, but one of the parties alleges that he was not properly served. Again, we will presume that this is because no such authority exists. *See In re Adoption of Doe*, 100 N.M. at 765, 676 P.2d at 1330.

Niec moves to amend the docketing statement to add the issue of whether the district court erred by granting Clark's Rule 1-060(B)(1) motion for relief from the default judgment because Clark failed to demonstrate excusable neglect and because she did not allege any meritorious defenses to the underlying petition. [MIO 4-5] Such a motion will only be granted upon a showing of viability. *See State v. Ibarra*, 116 N.M. 486, 490, 864 P.2d 302, 306 (Ct. App. 1993) (observing that a motion to amend will be denied if the issue is not viable).

Niec's motion fails to demonstrate that this issue is viable. Default judgments are not favored, and a case should be heard on its merits whenever possible. *N.M. Educators Fed. Credit Union v. Woods*, 102 N.M. 16, 17, 690 P.2d 1010, 1011 (1984). It is within the district court's discretion to set aside a default judgment, and we will reverse a district court's ruling on a motion to set aside a default judgment only for an

4

abuse of discretion. *Id.* "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case." *Kinder Morgan CO2 Co. v. State Taxation & Revenue Dep't*, 2009-NMCA-019, ¶ 9, 145 N.M. 579, 203 P.3d 110 (internal quotation marks and citation omitted). There is no abuse of discretion when reasons exist that both support and detract from a district court decision. *Id.*

Rule 1-060(B)(1) requires the party seeking relief to demonstrate the existence of both excusable neglect and a meritorious defense. *See Rodriguez v. Conant*, 105 N.M. 746, 749, 737 P.2d 527, 530 (1987) ("A party seeking relief from a default judgment must show the existence of grounds for opening or vacating the judgment and a meritorious defense or cause of action."). Whether a party's failure constitutes excusable neglect is a determination that requires consideration of all of the relevant circumstances surrounding the omission. *Kinder Morgan CO2 Co.*, 2009-NMCA-019, ¶ 13.

Niec's argument that the evidence presented to the district court did not demonstrate excusable neglect is based on *In re Estate of Gaines*, 113 N.M. 652, 830 P.2d 569 (Ct. App. 1992). [MIO 4] However, *Gaines* is distinguishable in that it involved a person who was represented by counsel and who had participated in earlier proceedings in the case. *Id.* at 658, 830 P.2d at 575. In addition, *Gaines* did not involve a situation where there was a pending lawsuit involving the same issues that

5

had previously been filed by the defaulting party, such that the defaulting party was clearly trying to participate in the judicial resolution of those issues. Therefore, *Gaines* is not controlling and does not require a conclusion that the district court abused its discretion in vacating the default judgment based on a finding of excusable neglect.

Niec also asserts that the district court erred in granting the Rule 1-060(B)(1) motion because Clark failed to assert a meritorious defense to Niec's petition. However, Clark did assert a defense, which was that the case should be dismissed on the basis of priority jurisdiction.

Finally, we note that New Mexico courts have long held that in matters involving children, a district court has broad discretion to do what is in the best interest of the children. *Diamond v. Diamond*, 2012-NMSC-022, ¶ 47, 283 P.3d 260. Where, as here, the district court granted a default judgment on matters involving parentage and custody, Niec has not demonstrated that the district court abused its discretion in vacating this judgment so that the merits of these issues could be resolved in a prior-filed suit in another county.

Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____

6

**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Chief Judge**

_____
**M. MONICA ZAMORA, Judge**